772 P.2d 739

STATE of Idaho, Plaintiff–Respondent,

v.

Zane Jack FIELDS, Defendant–Appellant.

No. 17640.

Court of Appeals of Idaho.

May 4, 1989.

Richard D. Toothman, Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Zane Jack Fields was found guilty by a jury in the district court for Ada County of

aggravated assault and petit theft. Judgment was entered and Fields received sentences aggregating five years, with a minimum two-year period of confinement. On appeal, Fields argues that the jury's verdict was not supported by substantial and competent evidence. We affirm.

The trial record of this case reveals the following. On February 28, 1988, a customer at a Shopko store in Boise observed a man apparently attempting to steal a cassette tape. The man was wearing a distinctive orange camouflage jacket. The customer notified a sales clerk, who in turn alerted both the store's assistant manager and a "loss prevention" officer about the alleged shoplifting incident. These employees continued to observe the suspect while he remained in the store. The assistant manager followed the suspect into a restroom, where he heard the sound of a package being opened in a stall occupied by the suspect. After the suspect left the restroom, the wrapper to a cassette tape sold by the store was located and removed from the restroom stall by the loss prevention officer.

The employees continued to observe the suspect until he exited the store. At that time, the assistant manager and the loss prevention officer tried to detain the man as a suspected shoplifter. A shoving match ensued, and, according to the testimony of the employees and an eyewitness, the man pulled a gun from his coat and pointed it at the employees who were trying to detain him. The employees immediately backed away and the suspect fled to a nearby area where another store was then under construction. The suspect, later identified as Fields, was apprehended a short time later. A police search of Fields immediately after his arrest revealed a cassette tape which matched the description of the tape stolen from the Shopko store. However, the police did not find, on Fields' person or in the area to which he fled, the gun allegedly used during the altercation with the store employees. The police did

recover a gun holster and ammunition from the construction site.

On appeal, Fields argues that the state failed to present sufficient evidence to sustain his conviction. Specifically, he contends that the customer who observed the shoplifting incident did not "recognize" Fields at the trial.[1] In addition, Fields points out that a witness testified that Fields normally carried a cassette player and tapes with him during the day. Furthermore, Fields contends that the testimony regarding his use of a gun in the altercation with the employees was inconsistent and contradictory, and that his testimony that he defended himself with a flashlight was substantiated by the fact that no gun was ever found.

On appeal, our review of this issue is limited in scope. We will not set aside a jury verdict if there is substantial evidence upon which any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126, (1979); *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). Nor will we substitute "our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 719, 662 P.2d 1149, 1163 (Ct.App.1983). Moreover, on appeal, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App. 1982).

The issues raised by Fields all relate to questions of fact which were within the province of the jury to resolve. Although the customer who witnessed Fields stealing the cassette tape was unable to identify him at trial, he did testify that the alleged shoplifter was wearing a distinctive orange jacket, matching the jacket Fields was wearing at the time of his arrest. Furthermore, the jury was free to infer that, al-

---

1. The customer explained that, during the shoplifting incident, he was not situated where he could see the shoplifter's face.

though Fields usually carried cassette tapes on his person, the tape which police found upon searching Fields was the one taken from the Shopko store.

Likewise, the jury was entitled to conclude that Fields had brandished a gun on the employees outside the store. Three eyewitnesses testified positively that they each saw Fields pull a gun on the employees. Although Fields submits that a fourth eyewitness did not see Fields use a gun, that witness' view of the incident was partially obstructed several times during the altercation. Even though no gun was ever found, the jury was free to accept the eyewitnesses' testimony and to infer that the gun holster and ammunition found at the construction site were related to a gun carried by Fields. We hold that there was substantial evidence for the jury to find, beyond a reasonable doubt, the essential elements of each crime charged.

The judgment of conviction is affirmed.

BENGTSON, J. Pro Tem., concurs.

BURNETT, Judge, specially concurring.

I agree entirely with the substance of the foregoing opinion. However, I write separately to note a technical variance between the defendant's criminal conduct and the statutes recited in the judgment of conviction.

The judgment declares that Fields has been found guilty of "aggravated assault" under I.C. §§ 18–901(a) and 18–905(a). The prosecutor's information refers to the same statutory subsections. Taken together, these subsections define an aggravated assault as "[a]n unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another ... [w]ith a deadly weapon or instrument...." The narrative facts alleged in the prosecutor's information, proved at trial, and summarized in today's opinion, do not indicate that Fields made "[a]n unlawful attempt, coupled with apparent ability to commit a violent injury," within the meaning of I.C. § 18–901(a). Rather, by displaying a firearm and pointing it in the direction of the store employees, Fields made a "threat by ... act to do violence to the person of another, coupled with apparent ability to do so ..." as proscribed by I.C. § 18–901(b).

This variance does not affect the validity of Fields' conviction for aggravated assault. The underlying conduct was correctly pleaded and proved. However, the judgment does not describe the conduct; it merely cites the statutory subsections. Consequently, it implies that Fields attempted to do violent injury with a deadly weapon rather than simply threatening to do so. These are qualitatively different forms of the crime of aggravated assault. In order to assure that the judgment reflects the crime actually pleaded and proved, the district court may wish to correct the judgment by citing I.C. § 18–901(b) rather than I.C. § 18–901(a), in conjunction with I.C. § 18–905(a).